Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
Kelsey M. Schultz (SBN 328159)
kschultz@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 9029
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ARAM, INC., a New Jersey Corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE JOHN RICHARD COLLECTION, LLC, a Mississippi Limited Liability Company; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>**Jury Trial Demanded** |

Michael Aram, Inc., by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff MICHAEL ARAM, INC. ("ARAM" or "Plaintiff"), is a corporation organized and existing under the laws of the State of New Jersey with a principal place of business located at 157 N. Robertson Blvd., West Hollywood, California 90048.

5. Defendant THE JOHN RICHARD COLLECTION, LLC, ("JOHN RICHARD") is a Mississippi Limited Liability Company with its principal place of business at 306 Eastman Street Greenwood, Mississippi 38930.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director,

manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## NATURE OF THE SUIT

8. This case the concerns the copyright infringement of ARAM's original and iconic sculptural designs, which JOHN RICHARD infringed by reproducing, preparing, and distributing copies and/or derivative works of ARAM's designs without ARAM's knowledge, permission, or authorization. The instant suit seeks to correct JOHN RICHARD's wrongs.

## FACTUAL BACKGROUND

9. Michael Aram, owner of ARAM, is an award-winning artist who has dedicated his career to craft-based design, including his unique and celebrated sculptures, houseware, and jewelry.

10. Trained as a painter, sculptor, and art historian, Michael Aram's work encompasses a wide range of media and reveals a rich and variant source of inspiration – nature, mythology, narrative storytelling, and purified form.

11. After studying fine art and living as an artist in New York in the late 1980's, Michael Aram traveled to India where he discovered its rich metalworking traditions. While there Michael Aram spent hours observing artisans as they made items the same way as their families and predecessors had for centuries. Touched by the talent of these gifted artisans and inspired to work with craftsmen whose skills he felt were greatly untapped, Michael Aram set up a studio in India where he has created his work for the past 30 years. Today, over 200 artisans work alongside him in his workshop where the same creative interaction between artist and artisan remains the source of every object that Michael Aram makes.

12. For more than thirty (30) years, ARAM has enjoyed substantial success in the luxury market offering houseware designs created by Michael Aram and owned in exclusivity by ARAM. This broad diversity embodies Michael Aram's versatility as an artist who is comfortable working on private commissions, one-of-a-kind pieces for gallery shows, or pieces that are affordable to a wider audience.

13. ARAM's original works are featured in popular and influential magazine and websites, including *Vanity Fair*, *Elle Decor*, *Portrait*, and *Home & Design*. ARAM's products are sold in hundreds of points of distribution, including, but not limited to, through ARAM's brick and mortar locations; its website, https://michaelaram.com/; and, luxury stores Neiman Marcus, Bloomingdales, Macy's, Saks Fifth Avenue, and Bergdof Goodman.

14. JOHN RICHARD is a design company which sells its products through third party distributors including some of the same as ARAM, including but not limited to, Neiman Marcus, and Bergdof Goodman.

**CLAIMS RELATED TO THE POMEGRANATE MOON GATE SCULPTURE**

15. ARAM is the creator and owner of an original sculptural work of art, entitled "Pomegranate Moon Gate Sculpture," which was duly registered with the Copyright Office ("Subject Design").

16. Prior to the acts complained of herein, ARAM marketed and sold Subject Design through its third-party distributors and direct to consumers through its website and stores.

17. ARAM is informed and believes and thereon alleges that following its distribution of Subject Design, JOHN RICHARD purchased, distributed, advertised, and/or sold houseware goods featuring designs which are substantially similar, if not virtually identical, to Subject Design without ARAM's authorization (hereinafter the "Offending Product").

18. Specifically, and without limitation, Offending Product is a mirror

image of a substantial portion of Subject Design and includes, but is not limited to, the following features taken from Subject Design and identified below:

    a. The same selection and arrangement of a circle with a tree branch stemming from the interior top left side of the circle to the right side of the circle bearing leaves;

    b. The same selection and arrangement of a gold pomegranate hanging from the left most branch in the circle;

    c. The same selection of a white cuboid statue base

/ / /

/ / /

/ / /

19. Exemplars of the Subject Design and the Offending Product are included below:

**Subject Design**



**Offending Product**



# FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

20. ARAM repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

21. ARAM alleges that Defendants, and each of them, accessed the Subject Design by without limitation, viewing, and/or purchasing the Subject Design.

22. ARAM alleges on information and belief that Defendants, and each of them copied, reproduced, displayed, and distributed the Offending Products to consumers.

23. ARAM alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Design and distributed same to the public.

24. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

25. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Design in an amount to be established at trial. Plaintiff further alleges that Defendants have committed copyright infringement with actual knowledge or reckless disregard of ARAM's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

# PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing,

offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Design;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 *et seq.*;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: September 28, 2023

DONIGER/BURROUGHS

By: /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Scott A. Burroughs, Esq.
Kelsey M. Schultz, Esq.
Attorneys for Plaintiff